Steven J. Luckner, Esq.
Cynthia M. Vera, Esq.
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
*Attorneys for Defendant*
*Barrette Outdoor Living, Inc.*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

----------------------------------------------------

| | | |
|---|---|---|
| MICHAEL WEAVER, | : | Hon. _____ |
| | : | Civ. Action No. _____ |
| Plaintiff, | : | |
| | : | *Civil Action* |
| vs. | : | |
| | : | **NOTICE OF REMOVAL & LOCAL** |
| BARRETTE OUTDOOR LIVING, INC., | : | **CIVIL RULE 11.2 CERTIFICATION** |
| | : | |
| Defendant. | : | |

----------------------------------------------------  :
                                                       :

**TO:**   CHIEF JUDGE AND JUDGES OF
          THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW JERSEY

**ON NOTICE TO:**

       Franklin J. Rooks, Jr., Esq.
       Morgan Rooks, P.C.
       525 Route 73 North, Suite 104
       Marlton, New Jersey 08053
       *Attorneys for Plaintiff*

       Michelle M. Smith, Esq., Clerk
       The Superior Court of New Jersey
       Richard J. Hughes Justice Complex
       25 W. Market Street, 6th Floor North Wing
       P.O. Box 971
       Trenton, New Jersey 08625

Clerk, Superior Court of New Jersey
Law Division – Atlantic County
1201 Bacharach Blvd.
Atlantic City, New Jersey 08401

**HONORABLE JUDGES:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Barrette Outdoor Living, Inc.

("Barrette"), by and through its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby

notices the removal of this action from the Superior Court of New Jersey, Atlantic County, to the

United States District Court for the District of New Jersey.  In support of this Notice, Barrette

states as follows:

## I.  TIMELINESS OF REMOVAL

1.      On June 27, 2022, Plaintiff Michael Weaver ("Plaintiff") commenced a civil action

against his former employer, Barrette, in the Superior Court of New Jersey, Atlantic County,

entitled *Michael Weaver v. Barrette Outdoor Living, Inc.*, Docket No. ATL-L-001775-22, in which

he asserts claims of discrimination in violation of the New Jersey Law Against Discrimination

("NJLAD").  Copies of the Complaint, Case Information Statement, and Track Assignment Notice

are attached as **Exhibit A.**

2.      On July 6, 2022, Barrette accepted service of the Summons and Complaint.

3.      No other process, pleadings, or orders have been served in this action.

4.      Barrette's removal of this action is timely pursuant to 28 U.S.C. § 1446(b), which

requires that a defendant's Notice of Removal be filed within 30 days after proper service of the

Summons and Complaint upon such defendant.

## II.  VENUE

5.      The Superior Court of New Jersey, Atlantic County, is located within the District

of New Jersey.  28 U.S.C. § 110.  Therefore, venue is proper in this Court because it is the "district

and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.   BASIS FOR REMOVAL

6.    This action is properly removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides, in relevant part, that the district courts shall have original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

7.    The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter in controversy is between citizens of different states. This was true at the time the Complaint was filed and remains true at the time this Notice of Removal was filed.

### a)  Amount in Controversy

8.    This is an action to recover damages for alleged discrimination in violation of the NJLAD.

9.    According to the Complaint, Plaintiff seeks damages, including compensatory and non-compensatory damages, together with interest, costs of suit, cost of experts' fees, attorney's fees and any other relief "as the Court deems just and proper."  See Ex. A.  Under the NJLAD, a plaintiff can recover compensatory damages, punitive damages, and attorneys' fees and costs. Thus, although Barrette denies that it caused Plaintiff to suffer any damages, based on the allegations of the Complaint, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10.    Where, as here, a complaint is silent on the amount in controversy, removal is proper unless it is a legal certainty that the plaintiff cannot recover the jurisdictional amount of

$75,000.  See Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007).

11.     Under the NJLAD, compensatory damages may include back pay, front pay and emotional distress damages and, as such, the Court must consider each when determining whether the amount in controversy has been met.  See Reiff v. Convergent Technologies, 1995 WL 619944, *4 (D.N.J. 1995) (Court must consider plaintiff's claim for pain and suffering damages when determining whether the amount in controversy has been meet).

12.     Plaintiff states he has suffered compensatory damages due to his alleged discriminatory termination.  See Ex. A.  Thus, even a modest back pay or front pay award, in conjunction with his other compensatory damages, would satisfy the amount in controversy requirement.  See Sussman v. Capital One, N.A., 2014 WL 5437079, *4 (D.N.J. Oct. 24, 2014) ("The relevant time period for calculating an award of back pay begins with the date of the alleged wrongful termination and ends at the time of trial.  Similarly, when calculating the front pay award, the jury must consider the expected future damages caused by a defendant's wrongful conduct from the date of judgment to retirement."); Curro v. HD Supply, Inc., 2020 WL 3496955, *4 (D.N.J. Jun. 29, 2020) (amount in controversy met by plaintiff simply alleging she was seeking "front pay and back pay, as well as other compensation and benefits, emotional distress damages, attorneys' fees . . . and punitive damages.").

13.     Moreover, because punitive damages are also recoverable in certain circumstances under the NJLAD, such damages must be considered in determining the amount in controversy. See Frederico, 507 F.3d at 199; see also Zanger v. Bank of Am., N.A., 2010 WL 3910142, *3-*4 (D.N.J. Oct. 1, 2010) (holding that the amount in controversy was satisfied where a claim was only for approximately $16,000 in compensatory damages but punitive damages were also sought); Granovsky v. Pfizer, Inc., 631 F. Supp.2d 554, 565 (D.N.J. 2009) ("The satisfaction of the amount

in controversy requirement is even more likely when taking into account punitive damages sought by plaintiff.")

14.     Additionally, Plaintiff seeks attorneys' fees, which are also recoverable under the NJLAD, and, therefore, must be considered in determining the amount in controversy.  <u>See</u> <u>Frederico</u>, 507 F.3d at 199; <u>see also</u> <u>Suber v. Chrysler Corp.</u>, 104 F.3d 578, 585 (3d Cir. 1997) ("attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").  As the Third Circuit found, "[f]ees could be as much as thirty percent of the judgment."  <u>Id.</u>

15.     Accordingly, the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

### b)  Diversity of Citizenship

16.     For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, <i>i.e.</i>, its "nerve center," which will typically be found at its corporate headquarters.  <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 93 (2010).

17.     Barrette's principal place of business is located in Middleburg Heights, Ohio. Barrette is incorporated in the State of Ohio.  Therefore, Barrette is a citizen of the State of Ohio. <u>See</u> 28 U.S.C. § 1332(c)(1).

18.     Plaintiff is a citizen of the State of New Jersey.  <u>See</u> Ex. A, ¶ 1.

19.     Because Plaintiff and Barrette are citizens of different states, there is complete diversity for purposes of jurisdiction conferred by 28 U.S.C. § 1332(a).

20.     Because Barrette is not a citizen of the forum state (New Jersey), removal is proper under 28 U.S.C. § 1441(a)(2).

**IV.     CONSENT OF ALL DEFENDANTS**

21.     No other parties have been named as defendants to this lawsuit.

22.     Accordingly, consent for removal from any other party is not required.

**V.     CONCLUSION**

23.     Barrette has not previously sought similar relief.

24.     Barrette has not filed a responsive pleading in Plaintiff's state court action, and no proceedings have transpired in that action.

25.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served by overnight mail upon Plaintiff's counsel, and will be promptly filed with the Clerk of the Superior Court of New Jersey, and the Clerk of the Superior Court of Atlantic County, New Jersey.

26.     By removing this matter, Barrette does not waive or intend to waive any defenses.

**WHEREFORE**, Defendant Barrette Outdoor Living, Inc. respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Atlantic County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendant*

By:    s/ *Steven J. Luckner*
Steven J. Luckner, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611

Date:   August 5, 2022

## LOCAL CIVIL RULE 11.2 STATEMENT

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendant Barrette Outdoor Living, Inc., certifies that the matter in controversy in the above referenced matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendant*

By: s/ *Steven J. Luckner*
   Steven J. Luckner, Esq.
   10 Madison Avenue, Suite 400
   Morristown, New Jersey 07960
   Telephone: (973) 656-1600
   Facsimile: (973) 656-1611

Date: August 5, 2022

# EXHIBIT A

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-001775-22**

**Case Caption:** WEAVER MICHAEL  VS BARRETTE
OUTDOOR LIV ING, INC.

**Case Initiation Date:** 06/27/2022

**Attorney Name:** FRANKLIN JOHN ROOKS JR

**Firm Name:** MORGAN ROOKS PC

**Address:** 525 ROUTE 73 NORTH STE 104

MARLTON NJ 08053

**Phone:** 8568748999

**Name of Party:** PLAINTIFF : Weaver, Michael

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Michael Weaver?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/27/2022
Dated

/s/ FRANKLIN JOHN ROOKS JR
Signed

Franklin J. Rooks, Jr., Esquire
NJ Attorney ID:023802010
***Morgan Rooks, P.C.***
525 Route 73 North, Suite 104
Marlton, NJ 08053
Telephone No. (856) 874-8999
Facsimile No. (856) 494-1707
Email: fjrooks@morganrooks.com
Attorney for Plaintiff

| | | |
|---|---|---|
| **MICHAEL WEAVER** | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **ATLANTIC COUNTY** |
| *Plaintiff,* | : | **LAW DIVISION** |
| | : | |
| v. | : | **DOCKET NO.** |
| | : | |
| **BARRETTE OUTDOOR LIVING, INC.** | : | **COMPLAINT** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

## PRELIMINARY STATEMENT

Michael Weaver (the "Plaintiff"), by and through his counsel, Franklin J. Rooks, Jr., Esquire, brings this Complaint against Barrette Outdoor Living, Inc. (the "Defendant"). Plaintiff is seeking all available relief under the New Jersey Law Against Discrimination ("NJLAD").

## PARTIES, JURISDICTION, & VENUE

1.      Plaintiff is male who resides in Atlantic County, New Jersey.

2.      Defendant is a corporation registered with the New Jersey Department of Revenue and Enterprise Services under entity identification number 0100899020.

3.      As used herein, Defendant shall refer to Defendant and its management-level/supervisory employees.

4.      Upon information and belief, Defendant's principal place of business is 545 Tilton Road, Egg Harbor City, New Jersey.

5.      Jurisdiction is proper as Defendant is subject to the personal jurisdiction of this

Court.

6.      Venue is proper under New Jersey Rules of Civil Procedure 4:3-3 as a defendant

corporation is deemed to reside in any county in which it does business.

## FACTUAL BACKGROUND

7.      Plaintiff began his employment with Defendant on November 9, 2021.

8.      Plaintiff was employed in a full-time capacity as an aluminum fabricator at

Defendant's facility located in Galloway Township, New Jersey.

9.      As part of Plaintiff's job responsibilities, he fabricated aluminum posts for

Defendant's fence products.

10.     Plaintiff operated a fabricating machine in the performance of his work

responsibilities.

11.     Plaintiff has a past medical history for Type I Diabetes Mellitus ("Diabetes") and

polyglandular thyroid disorder.

12.     Plaintiff also suffers from polyuria (excessive urination) as it is a symptom of

Diabetes.

13.     Plaintiff's Diabetes was controlled through a regimen of insulin, which he was

required to take four (4) times per day. Insulin is a hormone that helps regulate the

amount of glucose in a person's blood.

14.     Plaintiff needed to adhere to a strict insulin schedule to keep his blood glucose

levels within a healthy range.

15.     Physical activity caused changes in Plaintiff's blood glucose levels.[1]

---

[1] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2769951/

16.     If Plaintiff's blood glucose levels became too low, he would experience hypoglycemia.

17.     Upon experiencing a hypoglycemic event, Plaintiff needed to immediately ingest food or drink that contains sugar, such as dextrose tablets or fruit juice, to correct his blood glucose levels.

18.     In December 2021, Plaintiff's insulin medication was changed from Admelog to Humalog.[2]

19.     Because of his change in medication, Plaintiff experienced a side effect in the form of drowsiness.

20.     Plaintiff informed his manager, Megan Jackson, that his medications were changed.

21.     Within a few days of his change in medication, Plaintiff fell asleep while on a break.

22.     Defendant disciplined Plaintiff for falling asleep on his break.

23.     Because Plaintiff was susceptible to hypoglycemic episodes, Plaintiff sought a reasonable accommodation from Defendant.

24.     Lucia Cataldi, a member of Defendant's Human Resource department, gave Plaintiff an accommodation form for his physician to complete.

25.     On December 23, 2021, Plaintiff's physician competed the accommodation form.

26.     The accommodation requested was for Plaintiff to be able to take additional breaks when he felt hypoglycemic, to use the bathroom as needed because of his polyuria, and to test his glucose levels periodically.

27.     Defendant received and approved Plaintiff's request for a reasonable accommodation.

---

[2] See https://www.admelog.com/; see https://www.humalog.com/

28. In March 2022, Plaintiff took a break, consistent with the reasonable accommodation that the Defendant agreed to provide him.

29. Defendant's Plant Supervisor, Michael Hutter, issued a verbal warning to Plaintiff, claiming that he had taken an excessive break.

30. Plaintiff informed Mr. Hutter that he had an approved accommodation.

31. Mr. Hutter did not rescind the verbal warning that he issued to Plaintiff for taking an excessive break.

32. On April 7, 2022, around 7:00am, Plaintiff was experiencing hot flashes, a symptom of an imbalance in blood-glucose levels.

33. Plaintiff utilized his reasonable accommodation by taking a brief break to check his glucose levels and attempt to manage them.

34. Later that day, after Plaintiff returned from his lunch break, he was approached by Mr. Hutter.

35. Mr. Hutter escorted Plaintiff to the office of Crystal Torres, Defendant's Human Resources Director.

36. Ms. Torres informed Plaintiff that he was terminated because he did not notify anyone that he was taking a break.

37. When Plaintiff was granted his reasonable accommodation, Defendant did not place conditions upon it.

38. Defendant did not inform Plaintiff that he was required to first notify anyone before exercising the accommodation that was provided to him.

## COUNT I

## FAILURE TO ACCOMMODATE

39.    All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

40.    The NJLAD prohibits an employer from discriminating against a disabled employee because of her disability unless the disability "reasonably precludes the performance of the particular employment." N.J.S.A. 10:5-4.1.

41.    A failure-to-accommodate claim under the NJLAD requires a plaintiff to demonstrate that (1) she qualifies as an individual with a disability is perceived as an individual disability; (2) she is qualified to perform the essential functions of her job, or was performing those essential functions, either with or without any reasonable accommodations; and (3) that defendant failed to reasonably accommodate the plaintiff's disabilities. *Richter v. Oakland Bd. of Educ.*, 246 N.J. 507, 526 (2021) (citing *Victor v. State*, 203 N.J. 383, 410 (2010)).

42.    Plaintiff was an individual with a disability because of his diabetic condition.

43.    Defendant was aware of Plaintiff's diabetic condition.

44.    Defendant was aware that Plaintiff experienced fluctuations in blood-glucose levels during the workday.

45.    Plaintiff was qualified to perform the essential functions of his job.

46.    Plaintiff satisfactorily performed the essential functions of his position.

47.    Plaintiff had not received any performance-related disciplinary actions or counseling.

48.    Plaintiff survived the Defendant's probationary period for new hires.

49.    Plaintiff's manager was aware that Plaintiff requested an accommodation.

50.    Plaintiff's manager was aware that Plaintiff required an accommodation to manage his blood-glucose levels.

51.    Defendant failed to allow Plaintiff to utilize the reasonable accommodation that it had approved for Plaintiff to manage his blood-glucose levels.

52.    A reasonable accommodation for Plaintiff, in the form of additional breaks, translated to a lower productivity rate, as compared to the Defendant's employees who did not have Diabetes or who did not require additional breaks as an accommodation.

53.    Defendant terminated Plaintiff to avoid the commensurate decrease in productivity that was part and parcel of the accommodation.

54.    Defendant discriminated against Plaintiff on the basis of his disability through the termination of his employment and by denying him the accommodation that he sought.

55.    Plaintiff has suffered damages as a consequence of Defendant's termination of his employment

**WHEREFORE**, Plaintiff seeks compensatory and non-compensatory damages against Defendant, together with costs and mandatory attorneys' fees, and such other legal and equitable relief from Defendant as the Court deems just and proper.

## COUNT II

## DISCRIMINATION BASED ON REAL OR PERCEIVED DISABILITY

56.    All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

57.   The NJLAD prohibits employment discrimination based on actual or perceived disability. *N.J.S.A.* 10:5-12(a).

58.   To prove disability discrimination, a plaintiff must present *prima facie* evidence of discrimination, i.e., (1) that he occupied a protected class; (2) that he was performing the essential functions of his job; (3) that he was terminated; 4) that the employer had sought another to perform the same job." *Victor v. State*, 203 N.J. 383, 409 (2010).

59.   Plaintiff is an individual with a disability because of his Diabetes, polyuria, and thyroid disorder.

60.   Defendant was aware that Plaintiff has Diabetes.

61.   Plaintiff was qualified to perform the essential functions of his job as a fabricator.

62.   Plaintiff's disability did not preclude him from effectively performing the functions of a fabricator.

63.   Defendant was aware that Plaintiff required an accommodation to perform the essential functions of his job.

64.   Plaintiff's manager was aware that Plaintiff sought additional breaks that Defendant's other employees did not receive.

65.   Over the course of his employment with Defendant, Plaintiff effectively performed his job responsibilities as a fabricator.

66.   Defendant did not issue Plaintiff any performance-related disciplinary actions or counseling.

67.   Defendant terminated Plaintiff's employment as a consequence of his real or perceived disability.

68.    After terminating Plaintiff, Defendant sought to fill the position that Plaintiff occupied with an employee who did not require an accommodation.

69.    Plaintiff suffered damages because of Defendant's discriminatory termination of his employment.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, attorneys' fees, court costs, costs of suit, interest and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Date: <u>June 27, 2022</u>

By: <u>s/Franklin J. Rooks, Jr.</u>
Franklin J. Rooks, Jr., Esquire
*Attorney for Plaintiff*

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. This demand pertains to all policies insuring Defendant(s) in connection with the subject claim, including excess, catastrophe, and umbrella policies.

## ENTRY OF APPEARANCE

I, Franklin J. Rooks Jr., Esq., hereby enter my appearance as the attorney for the above captioned matter on behalf of Plaintiff.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the Court is advised that Franklin J. Rooks Jr., Esq. is hereby designated as trial counsel.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1(b)(2), I certify that the dispute about which Plaintiff is suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification. Pursuant to R. 4:5-1(b)(3), I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-

7(b).

## NOTICE REGARDING PRESERVATION AND NON-DESTRUCTION OF EVIDENCE

Defendant(s) are hereby advised of its duty to preserve all information concerning this matter. Defendant(s) must refrain from altering, destroying, or disposing of any potential evidence in its possession which could, in any way, relate to this matter. The law requires that, once litigation is foreseeable, all potential parties must maintain all potentially relevant documents and not destroy any potentially relevant documents, even if that means holding documents well beyond minimum periods set out by law or organization record-retention policies.

This Notice applies to paper copies of documents as well as to electronically stored information ("ESI") on computer systems belonging to Defendant(s) and any/all individuals mentioned or referenced in the Complaint, on the home and portable computers of all persons, including, but not limited to, individuals, who are reasonably foreseeable witnesses. All ESI and other records containing information relating to the subject matter of this dispute, including emails, telephone logs, internet usage files, network access information, and information on other kinds of media including Smart-Phones (such as iPhones and Androids) must be retained until resolution of this matter. ESI should be preserved in its originally-created or "native" format. In addition, Defendant(s) must retain non- electronic documents and evidence in whatever form, including personal or desk files, calendars, notes, and the like.

To meet its legal obligations with regard to ESI, Defendant(s) should immediately suspend deletion, overwriting, or any other possible destruction of relevant documents and data, including current document destruction policy and/or automatic deletion function on your computer or other electronic device. ESI is an important and  irreplaceable source of discovery and/or evidence in this matter. Defendant(s) must take every reasonable step to preserve this information. Failure to

preserve and retain information may result in sanctions against Defendant(s).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

Date: <u>June 27, 2022</u>                    By: <u>s/Franklin J. Rooks, Jr.</u>
                                               Franklin J. Rooks Jr., Esq.

                                          *Attorney for Plaintiff*

ATLANTIC COUNTY LAW DIVISION
SUPERIOR COURT OF NEW JERSEY
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JUNE 27, 2022
                    RE:     WEAVER MICHAEL  VS BARRETTE OUTDOOR LIV ING, INC.
                    DOCKET: ATL L -001775 22


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.


     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON SARAH B. JOHNSON


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (609) 402-0100 EXT 47780.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: FRANKLIN J. ROOKS
                              MORGAN ROOKS PC
                              525 ROUTE 73 NORTH
                              STE 104
                              MARLTON          NJ 08053


ECOURTS